J-S11013-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWARD DIETER | : | |
| | : | |
| Appellant | : | No. 1762 EDA 2022 |

Appeal from the Judgment of Sentence Entered June 16, 2022
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0003601-2021

BEFORE:  OLSON, J., McLAUGHLIN, J., and KING, J.

CONCURRING MEMORANDUM BY McLAUGHLIN, J.:  **FILED AUGUST 1, 2023**

I agree with the majority that we should affirm, but I get there by a different route. My analysis is as follows. An officer may stop a vehicle for a suspected violation of the Vehicle Code, where the detention serves no "investigatory purpose relevant to the suspected [Motor Vehicle Code] violation," if the officer has probable cause. ***Commonwealth v. Feczko***, 10 A.3d 1285, 1291 (Pa.Super. 2010) (*en banc*). The probable cause inquiry does not entail an examination of the officer's subjective motivation. So long as the officer had probable cause, it does not matter if the officer was also interested in questioning the suspect regarding another investigation. ***See Commonwealth v. Chase***, 960 A.2d 108, 120 (Pa. 2008) (stating that under the reasonable suspicion standard, "if police can articulate a reasonable suspicion of a Vehicle Code violation, a constitutional inquiry into the officer's motive for stopping the vehicle is unnecessary"); ***Commonwealth v.***

*Coughlin*, 199 A.3d 401, 410-11 (Pa.Super. 2018) (*en banc*) (rejecting trial court's reliance on officer's alleged motivation in granting suppression).

We instead employ an objective standard. We ask whether "the facts and circumstances within the police officer's knowledge and of which the officer has reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution in the belief" that the suspect committed an offense. *Commonwealth v. Weaver*, 76 A.3d 562, 565 (Pa. Super. 2013).

Dieter's argument that the record does not support the finding that the plate was tinted and was not legible lacks merit. Dieter's Br. at 8, 12. The statute at issue, 75 Pa.C.S. § 1332(b)(3), makes it unlawful to display on a vehicle a registration plate that "is illegible, obscured, covered or otherwise obstructed in any manner at a reasonable distance[.]" A review of the dash cam and body cam video in the record reveals that the plate was encased in a cover that rendered at least part of the registration number not legible. The officer thus had probable cause to stop the truck for a Vehicle Code violation. I therefore agree that the trial court properly denied the motion to suppress and that we should affirm.